UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHN POULLARD (#98999)

VERSUS                                          CIVIL ACTION

ANTHONY MCCOY, ET AL                            NUMBER 12-299-BAJ-SCR

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, August 10, 2012.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


JOHN POULLARD (#98999)

VERSUS                                          CIVIL ACTION

ANTHONY MCCOY, ET AL                            NUMBER 12-299-BAJ-SCR


**MAGISTRATE JUDGE'S REPORT**

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against emergency medical technician ("EMT") Anthony Mccoy, LSP Warden Burl Cain, Asst. Warden Donald Barr, nurse Kisha McMillian, Dr. Jonathan Roundtree and nurse Christine Washington. Plaintiff alleged that the defendants were deliberately indifferent to his serious medical needs in violation of his constitutional rights.


## I. Factual Allegations

Plaintiff alleged that on March 23, 2010, he was diagnosed with glaucoma in both eyes. Plaintiff alleged that he was prescribed medication and was scheduled for a revisit at an offsite clinic on June 28, 2010. Plaintiff alleged that he was not taken to his June 28, 2010 appointment.

Plaintiff alleged that on August 4, 2010, he complained to Asst. Warden Barr that he had not received his eye medication and

was experiencing pain.  Plaintiff alleged that Asst. Warden Barr took no action to get the plaintiff medical treatment.

Plaintiff alleged that in August 2010 he made at least 10 verbal complaints to EMT Mccoy that he needed eye medication and needed to see an eye doctor.

Plaintiff alleged that in September 2010 he made a verbal and written complaint to EMT Mccoy requesting eye medication and an appointment with an eye doctor.

Plaintiff alleged that in October 2010 he lodged six complaints to nurse McMillian at pill call that he suffered from glaucoma, was experiencing eye pain and loss of vision and needed eye medication.  Plaintiff alleged that nurse McMillian took no action to assist him.

Plaintiff alleged that in October 2010 he told nurse Washington that he needed eye medication for glaucoma and was told there was no medication.

Plaintiff alleged that in November 2010 he wrote letters to Warden Cain, Dr. Roundtree and Asst. Warden Barr complaining that he was being denied eye medication for glaucoma.  Plaintiff alleged that they did nothing in response to his letters.

Plaintiff alleged that on January 2, 2011, he filed an emergency Administrative Remedy Procedure ("ARP") and attached a copy of his November 20, 2010 letter to Warden Cain.  Plaintiff alleged that the ARP was placed on backlog.

Plaintiff alleged that 48 days later, he was examined by an eye doctor. Plaintiff alleged that he was prescribed eyeglasses and medication.

Plaintiff alleged that the ARP was accepted into the two step procedure as ARP LSP-2011-0079, and relief was granted.

Plaintiff alleged that as a result of the delay in medical treatment he suffered a loss of vision and experienced severe eye pain and blurred vision.

## II. Applicable Law and Analysis

### A. Screening

A prisoner's civil rights complaint is subject to dismissal if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2). The screening provision of 28 U.S.C. § 1915A "applies regardless of whether the plaintiff has paid a filing fee or is proceeding *in forma pauperis*." *Ruiz v. United States*, 160 F.3d 273, 274-75 (5th Cir. 1998). Plaintiff paid the full filing fee.

### B. Prescription

Plaintiff alleged that between June 28, 2010 and November 2010, the defendants were deliberately indifferent to his serious medical needs. For the reasons which follow, the plaintiff's claims which arose prior to November 2010 are prescribed.

It is well settled that in § 1983 cases, federal courts look to the most consonant statute of limitations of the forum state. *Owens v. Okure*, 488 U.S. 235, 109 S.Ct. 573 (1989); *Kitrell v. City of Rockwall*, 526 F.2d 715, 716 (5th Cir.), *cert. denied*, 426 U.S. 925, 96 S.Ct. 2636 (1976). For § 1983 cases brought in Louisiana federal courts, the appropriate statute of limitations is one year. Louisiana Civil Code Article 3492; *Elzy v. Roberson*, 868 F.2d 793 (5th Cir. 1989); *Washington v. Breaux*, 782 F.2d 553 (5th Cir. 1986); *Kissinger v. Foti*, 544 F.2d 1257, 1258 (5th Cir. 1977). Plaintiff signed his complaint on April 2, 2012, and it was filed on May 21, 2012. Ordinarily, any claim the plaintiff had against these defendants regarding acts which occurred prior to April 2, 2011, have prescribed.

However, the holding in *Harris v. Hegmann*, 198 F.3d 153 (5th Cir. 1999), affects this court's decision. In *Harris*, the United States Court of Appeal for the Fifth Circuit concluded that the pendency of properly filed ARP proceedings will act to toll the running of the one-year limitations period for prisoners' claims in this state.

In the instant case, the plaintiff filed ARP LSP-2011-0079, on January 3, 2011, and it was placed on backlog on January 5, 2011.[1] ARP LSP-2011-0079 was subsequently accepted into the two step

---

[1] Record document number 3-1, pp. 1-19.

procedure and was denied at the Second Step on May 20, 2011.[2] Accordingly, this ARP had the effect of tolling the limitations period applicable to the plaintiff's claims, as follows.

### 1. June 28, 2010 Appointment

Plaintiff alleged that he was not taken to his June 28, 2010 appointment. From June 28, 2010, the date the claim arose, until January 3, 2011, the date the plaintiff filed ARP LSP-2011-0079, 188 days of the limitations period elapsed.

From January 3, 2011, the date the plaintiff filed ARP LSP-2011-0079, until May 20, 2011, the date ARP LSP-2011-0079 was denied at the Second Step, the limitations period remained tolled.

From May 20, 2011, the date the plaintiff's ARP was denied at the Second Step, until April 2, 2012, the date the plaintiff signed his complaint, an additional 317 days of the limitations period elapsed. Excluding the time while ARP LSP-2011-0079 was pending, more than one year (505 days) of the limitations period elapsed. By the time the plaintiff signed his complaint, the claims regarding a denial of medical treatment on June 28, 2010 were already prescribed.

### 2. Denial of Medical Treatment August 4, 2010

Plaintiff alleged that on August 4, 2010, he complained to Asst. Warden Barr that he had not received his eye medication and

---

[2] *Id*. at 1.

was experiencing pain. Plaintiff alleged that Asst. Warden Barr took no action to get the plaintiff medical treatment.

From August 4, 2010, the date the claim arose, until January 3, 2011, the date the plaintiff filed ARP LSP-2011-0079, 151 days of the limitations period elapsed.

From January 3, 2011, the date the plaintiff filed ARP LSP-2011-0079, until May 20, 2011, the date ARP LSP-2011-0079 was denied at the Second Step, the limitations period remained tolled.

From May 20, 2011, the date the plaintiff's ARP was denied at the Second Step, until April 2, 2012, the date the plaintiff signed his complaint, an additional 317 days of the limitations period elapsed. Excluding the time while ARP LSP-2011-0079 was pending, more than one year (468 days) of the limitations period elapsed. By the time the plaintiff signed his complaint, the claims regarding a denial of medical treatment on August 4, 2010 were already prescribed.

### 3. Denial of Medical Treatment in August 2010

Plaintiff alleged that in August 2010 he made at least 10 verbal complaints to EMT Mccoy that he needed eye medication and needed to see an eye doctor. Although the plaintiff did not state the date or dates he lodged the complaints, for purposes of calculating the prescriptive period the court will assume that the complaints were lodged on the last day in August, which would be the date most favorable to the plaintiff.

From August 31, 2010, the date the claim is presumed to have arose, to January 3, 2011, the date the plaintiff filed ARP LSP-2011-0079, 124 days of the limitations period elapsed.

From January 3, 2011, the date the plaintiff filed ARP LSP-2011-0079, until May 20, 2011, the date ARP LSP-2011-0079 was denied at the Second Step, the limitations period remained tolled.

From May 20, 2011, the date the plaintiff's ARP was denied at the Second Step, until April 2, 2012, the date the plaintiff signed his complaint, an additional 317 days of the limitations period elapsed. Excluding the time while ARP LSP-2011-0079 was pending, more than one year (441 days) of the limitations period elapsed. By the time the plaintiff signed his complaint, the claims regarding a denial of medical treatment in August 2010 were already prescribed.

**4. Denial of Medical Treatment in September 2010**

Plaintiff alleged that in September 2010 he made a verbal and written complaint to EMT Mccoy requesting eye medication and an appointment with an eye doctor.

Although the plaintiff did not state the date or dates he lodged the complaints to Mccoy, for purposes of calculating the prescriptive period the court will assume that the complaints were lodged on the last day in September, which would be the date most favorable to the plaintiff.

From September 30, 2010, the date the claim is presumed to

have arisen, to January 3, 2011, the date the plaintiff filed ARP LSP-2011-0079, 94 days of the limitations period elapsed.

From January 3, 2011, the date the plaintiff filed ARP LSP-2011-0079, until May 20, 2011, the date ARP LSP-2011-0079 was denied at the Second Step, the limitations period remained tolled.

From May 20, 2011, the date the plaintiff's ARP was denied at the Second Step, until April 2, 2012, the date the plaintiff signed his complaint, an additional 317 days of the limitations period elapsed. Excluding the time while ARP LSP-2011-0079 was pending, more than one year (411 days) of the limitations period elapsed. By the time the plaintiff signed his complaint, the claims regarding a denial of medical treatment in September 2010 were already prescribed.

**5. Denial of Medical Treatment in October 2010**

Plaintiff alleged that in October 2010 he lodged six complaints to nurse McMillian at pill call that he suffered from glaucoma, was experiencing eye pain and loss of vision and needed eye medication. Plaintiff alleged that nurse McMillian took no action to assist him.

Plaintiff alleged that in October 2010 he told nurse Washington that he needed eye medication for glaucoma and was told there was no medication.

Although the plaintiff did not state the date or dates he lodged the complaints to McMillian and Washington, for purposes of

calculating the prescriptive period the court will assume that the complaints were lodged on the last day in October, which would be the date most favorable to the plaintiff.

From October 31, 2010, the date the claims are presumed to have arisen, to January 3, 2011, the date the plaintiff filed ARP LSP-2011-0079, 63 days of the limitations period elapsed.

From January 3, 2011, the date the plaintiff filed ARP LSP-2011-0079, until May 20, 2011, the date ARP LSP-2011-0079 was denied at the Second Step, the limitations period remained tolled.

From May 20, 2011, the date the plaintiff's ARP was denied at the Second Step, until April 2, 2012, the date the plaintiff signed his complaint, an additional 317 days of the limitations period elapsed. Excluding the time while ARP LSP-2011-0079 was pending, more than one year (380 days) of the limitations period elapsed. By the time the plaintiff signed his complaint, the claims regarding a denial of medical treatment in October 2010 were already prescribed.

### 6. Denial of Medical Treatment in November 2010

Plaintiff alleged that in November he wrote letters to Warden Cain, Dr. Roundtree and Asst. Warden Barr complaining that he was being denied eye medication for glaucoma. Plaintiff alleged that they did nothing in response to his letters.

Although the plaintiff did not state the date or dates he lodged the complaints to Dr. Roundtree or Asst. Warden Barr, he did

state that he filed a letter to Warden Cain on November 20, 2010. For purposes of calculating the prescriptive period the court will assume that the complaints were lodged on November 20, 2010, a date which would be most favorable to the plaintiff. From November 20, 2010, the date the claims are presumed to have arisen, to January 3, 2011, the date the plaintiff filed ARP LSP-2011-0079, 43 days of the limitations period elapsed.

From January 3, 2011, the date the plaintiff filed ARP LSP-2011-0079, until May 20, 2011, the date ARP LSP-2011-0079 was denied at the Second Step, the limitations period remained tolled.

From May 20, 2011, the date the plaintiff's ARP was denied at the Second Step, until April 2, 2012, the date the plaintiff signed his complaint, an additional 317 days of the limitations period elapsed. Excluding the time while ARP LSP-2011-0079 was pending, less than one year (360 days) of the limitations period elapsed. Presuming that the plaintiff's November 2010 complaints to Dr. Roundtree and Asst. Warden Barr were made on November 20, 2012, the plaintiff's claims that Dr. Roundtree, Asst. Warden Barr and Warden Cain denied him medical treatment in November 2010 are not prescribed.

## Conclusion

Because it is clear that the plaintiff's claims which arose prior to November 2010 are prescribed, the claims against EMT Anthony Mccoy, nurse Kisha McMillian and nurse Christine Washington

10

should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's claims which arose prior to November 2010 against EMT Anthony Mccoy, nurse Kisha McMillian and nurse Christine Washington be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

Baton Rouge, Louisiana, August 10, 2012.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE