UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHN POULLARD (#98999)

VERSUS                                                CIVIL ACTION

ANTHONY MCCOY, ET AL                                  NUMBER 12-299-SDD-SCR

<u>**NOTICE**</u>

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, February 21, 2014.

                                               */s/ Stephen C. Riedlinger*
                                          STEPHEN C. RIEDLINGER
                                          UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHN POULLARD (#98999)

VERSUS                                              CIVIL ACTION

ANTHONY MCCOY, ET AL                                NUMBER 12-299-SDD-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court are the plaintiff's Motion for Summary Judgment and his Supplemental Motion for Summary Judgment Against Defendant Burl Cain.  Record document numbers 97 and 99, respectively.

Also before the court are the Motion for Partial Summary Judgment filed by defendants Warden Burl Cain and Asst. Warden Donald Barr, and the Motion for Summary Judgment filed by defendant Dr. Jonathan Roundtree.  Record document numbers 91 and 92, respectively.  Plaintiff opposed defendants Cain and Barr's Motion for Partial for Summary Judgment[1] and defendant Roundtree's Motion for Summary Judgment.[2]

For the reasons which follow, the parties' summary judgment motions should all be denied.

---

[1] Record document numbers 93 and 95.

[2] Record document numbers 96 and 98.

## I. Procedural Background

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against emergency medical technician ("EMT") Anthony McCoy, LSP Warden Burl Cain, Asst. Warden Donald Barr, Dr. Jonathan Roundtree, nurse Kisha McMillian, and nurse Christine Washington.  Plaintiff alleged that the defendants were deliberately indifferent to his serious medical needs in violation of his constitutional rights.

A Magistrate Judge's Report was issued recommending that the claims against defendants McCoy, McMillian and Washington be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).[3] The district judge adopted the Magistrate Judge's Report and dismissed any claim which arose prior to November 2010 against defendants McCoy, McMillian and Washington pursuant to 28 U.S.C. § 1915A(b)(1).[4]

Plaintiff sought leave to amend the complaint to allege that defendant McCoy denied him medical treatment between July 2010 and February 2011.[5] Considering the district judge's ruling dismissing any claim which arose prior to November 2010 against defendants McCoy, McMillian and Washington, the plaintiff's motion was granted in part, granting him leave to amend the complaint to allege claims

---

[3] Record document number 18.

[4] Record document number 31.

[5] Record document number 23.

2

regarding a denial of medical treatment by McCoy between November 2010 and February 2011.[6]  In all other respects, the motion was denied.

On September 6, 2012, the plaintiff sought leave to amend the complaint to allege that between October 5, 2010 and October 31, 2010, defendants McMillian and Washington failed to provide him medical treatment for complaints related to his glaucoma.[7] Plaintiff's September 6, 2012 motion for leave to amend the complaint was denied.[8]

On July 10, 2013, the plaintiff's Motion to Voluntary Dismiss Defendant Anthony McCoy[9] was granted.[10]

## II. Factual Allegations

Plaintiff alleged that on March 23, 2010, he was diagnosed with glaucoma in both eyes.  Plaintiff alleged that on November 20, 2010[11] he wrote letters to Warden Cain, Asst. Warden Barr and Dr.

---

[6] Record document number 33.

[7] Record document number 27.

[8] *Id.*

[9] Record document number 75.

[10] Record document number 76.

[11] Initially, the plaintiff alleged that he sent the letters on November 20, 2011, and he subsequently alleged that the letters were sent in 2010.  Because the plaintiff appears to have presented the facts chronologically, the court will assume that the letters were sent in 2010 rather than 2011.  Record document number 1,
(continued...)

3

Roundtree complaining that he was being denied eye medication for glaucoma. Plaintiff alleged that they did nothing in response to his letters.

Plaintiff alleged that after making many verbal and written complaints about his eye medication, EMT McCoy told him to stop complaining about his eyes and was reluctant to receive his sick call requests.

Plaintiff alleged that on January 2, 2011, he filed an emergency Administrative Remedy Procedure ("ARP") and attached a copy of his November 20, 2010 letter to Warden Cain in which he requested treatment for his eyes. Plaintiff alleged that the ARP was placed on backlog.

Plaintiff alleged that 48 days later, he was examined by an eye doctor. Plaintiff alleged that he was diagnosed with open angle glaucoma in both eyes, uncontrolled. Plaintiff alleged that he was prescribed eyeglasses and medication.

Plaintiff alleged that the ARP filed on January 2, 2011, was removed from backlog and accepted as ARP LSP-2011-0079. Plaintiff alleged that relief was granted and he was provided eye medication.

Plaintiff alleged that between November 2010 and February 2011, he told EMT McCoy he needed eye medication and requested to be examined by the optometrist. Plaintiff alleged that EMT McCoy

---

[11](...continued)
original Complaint, pp. 6-7.

had the authority and responsibility to refer the plaintiff to the optometrist but McCoy intentionally did not do so, which resulted in a delay in receiving treatment.  Plaintiff alleged that as a result of the delay in medical treatment he suffered a loss of vision and experienced severe eye pain and blurred vision.

### III. Motions For Summary Judgment

Plaintiff moved for summary judgment[12] relying on a statement of undisputed facts, his affidavit and the affidavits of Lakeith Debrow and Terry Bagneris, a copy of Section 325 of Title 22, Part I of the Louisiana Administrative Code, copies of medical records, a copy of a memo dated July 15,2011 from Jamie Sharp to the plaintiff regarding his medical records request, a copy of a letter dated August 2,2011 regarding the plaintiff's complaint against Dr. Gerald Gerdes, O.D., to the Louisiana State Board of Optometry Examiners and copies of letters dated November 20, 2010 to Asst. Warden Barr and Dr. Roundtree and the results of Administrative Remedy Procedure ("ARP") LSP-2011-0079.  In addition, the plaintiff relied on  Warden Cain's answer to interrogatory number 2 and a response to request for production of documents number 6, true copies of which were previously filed in the record.

Warden Cain and Asst. Warden Barr moved for partial summary

---

[12] Record document number 97.

5

judgment[13] relying on a statement of undisputed facts, their affidavits, a copy of Department Regulation B-05-005 and the results of ARPs LSP-2011-0079, LSP-2012-0921 and LSP-2012-2841.

Dr. Roundtree moved for summary judgment[14] relying on his affidavit, a copy of LSP Directive 13.061 Sick Call and Emergency Triage, a certified copy of the plaintiff's medical records and the results of ARP LSP-2009-0079.

### IV. Applicable Law and Analysis

#### A. Summary Judgment Standard

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. Supporting affidavits must set forth facts which would be admissible in evidence. Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Rule 56(c). The court need only consider cited materials, but it may consider other materials in the record. Rule 56(c)(1)(3).

#### B. Deliberate Indifference to Inmate's Health

Plaintiff alleged that between November 2010 and February 2011, the defendants were deliberately indifferent to his serious medical needs when they ignored his request for prescribed glaucoma

---

[13] Record document number 91.

[14] Record document number 92.

medication and an examination by his treating ophthalmologist.

Warden Cain, Asst. Warden Barr and Dr. Roundtree deny that they were deliberately indifferent to the plaintiff's serious medical needs. Defendants Warden Cain and Asst. Warden Barr contend that they do not recall receiving a letter from the plaintiff in November 2010.[15] Warden Cain argued that, assuming he received the November 2010 letter as alleged, he had no obligation under department regulation and policy to take action on the plaintiff's grievance because the letter did not contain a phrase indicating that it was a request for an administrative remedy.[16] Asst. Warden Barr argued that at all relevant times he was the Assistant Warden of Health Services at LSP.[17] He asserted that he has no personal knowledge of the incident and did not provide medical services to the plaintiff.[18]

Dr. Roundtree asserted that he does not recall receiving a letter from the plaintiff in November 2010 requesting medical treatment and medication for glaucoma.[19] Dr. Roundtree asserted

---

[15] Record document number 91-4, Exhibit B, Warden Cain affidavit, p. 2, ¶ 10, and record document number 91-5, Exhibit C, Asst. Warden Barr affidavit, p. 2, ¶ 5, respectively.

[16] Record document number 91-4, p. 2, ¶ 11.

[17] Record document number 91-5, p. 1, ¶ 3.

[18] *Id*. at p. 2, ¶ 8.

[19] Record document number 92-4, Exhibit B, Dr. Roundtree affidavit, p. 2, ¶ 5.

that although the plaintiff had numerous contacts with doctors and other medical personnel throughout the relevant period of time, the plaintiff failed to initiate a sick call request in accordance with prison policy until January 2011.[20]

A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970 (1994). The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference. *Id*.

The summary judgment evidence showed that the plaintiff filed LSP-2011-0079 on January 3, 2011, against Warden Cain, Asst. Warden Barr and four unidentified individuals requesting examination by an eye doctor and glaucoma medication.[21] Plaintiff attached a to ARP LSP-2011-0079 copy of the letter he allegedly sent to Warden Cain in November 2010.[22] In the Statement of Claim of ARP LSP-2011-0079 the plaintiff complained the following:

> On 11-20-2010 I wrote the attached letter to Warden Burl

---

[20] *Id*. at 2-5.

[21] Record document number 3-1, ARP records, p. 9.

[22] *Id*. at 10.

> Cain, And he refused to Respond to the letter. Which has cause me a continue delay in treatment for Glaucoma in both of my eyes. The eye Doctor in Houma La, hospital eye clinic, prescribed eye medication for my high presure in April-May-2010 and schedule me a follow up appointment to ensure the prescribed eye medication was effective. However when I Discover I was not taken to my schedule eye appointment June 28, 2010 I wrote Warden Cain 11-20-2010. I have bad vision, head pain, eye pain.

In the letter attached to this ARP the plaintiff complained:

> In April - May - 2010, I went to Houma La. hospital eye clinic, continue diagnose with high pressure. The Doctor prescribed medication and schedule me for a follow up appointment to ensure the prescribe medication was working. I have discover that on June -28-2010 security and medical staff refused to have me transported on my hospital trip. I'm suffering with vision problem, eye pain, head pain. I alread had a eye surgery in the past. Please help me get to the hospital for treatment.

Plaintiff also offered as summary judgment evidence two letters he allegedly sent to Asst. Warden Barr and Dr. Roundtree on November 20, 2010, in which he complained that he had not been sent to the eye doctor for a follow up appointment and that he was being denied eye medication for glaucoma.[23]

Plaintiff's medical records showed that the plaintiff underwent an eye examination for glaucoma on March 23, 2010 at the Leonard J. Chabert Medical Center.[24] A notation in the plaintiff's medical record indicates the plaintiff was to return in two to

---

[23] Record document number 97-2, pp. 18-19.

[24] Record document number 92-6, Exhibit B, p. 353.

9

three months.[25]  Plaintiff's medical records showed that a return appointment was scheduled for June 28, 2010.[26]

Plaintiff's medical records showed on June 28, 2010, a notation that the plaintiff's eye clinic appointment scheduled for June 28 should be rescheduled.[27]  No reason for the need to reschedule the appointment was noted in the medical records.[28]  The word "Noted" was entered on the chart and was signed by an LPN and dated June 29, 2010.[29]  There is no evidence in the record that the appointment was rescheduled between June 28, 2010 and November 10, 2010, when the plaintiff allegedly sent the letters to the defendants requesting treatment and medication for his glaucoma.

Plaintiff's medical records showed that the plaintiff was examined at the physician's clinic on October 5, 2010, with complaints of green stool.[30]  There is no indication that on October 5, 2010, that the plaintiff complained that he did not have his glaucoma medication and needed treatment for his glaucoma.[31]

Plaintiff's medical records showed that on November 4, 2010,

---

[25] *Id*.

[26] *Id*. at 352.

[27] *Id*. at 351.

[28] *Id*.

[29] *Id*.

[30] *Id*. at 343.

[31] *Id*.

the plaintiff completed a Health Care Request Form seeking hydrocortisone cream for a rash.[32] There is no indication that on November 4, 2010, the plaintiff complained that he did not have his glaucoma medication and needed to have his eyes examined.[33]

Plaintiff's medical records showed that on November 22, 2010, the plaintiff was examined at the Physician's Clinic for complaints of a rash.[34] There is no indication that on November 22, 2010, the plaintiff notified the treating physician that he did not have his glaucoma medication and needed to have his eyes examined.[35]

Plaintiff's medical records showed that on December 3, 2010, the plaintiff was examined at the Physician's Clinic for complaints of diarrhea.[36] Although the plaintiff was prescribed medication for his complaints of diarrhea, there is no indication that the plaintiff complained that he was out of his glaucoma medication and that he needed to have his eyes examined.[37]

Plaintiff's medical records showed that on January 6, 2011, the plaintiff completed a Health Care Request Form complaining that he spit up blood, was experiencing severe pain to his right rib

---

[32] *Id*. at 341.

[33] *Id*.

[34] *Id*. at 340.

[35] *Id*.

[36] *Id*. at 339.

[37] *Id*.

11

cage, and he was experiencing "eye pain from glaucoma damage vision need treatment."[38]

Plaintiff's medical records showed that on January 9, 2011, the plaintiff completed a Health Care Request Form requesting a follow-up eye clinic appointment for his glaucoma.[39] Plaintiff was examined by medical personnel and was referred to the eye clinic.[40]

Plaintiff's medical records showed that on January 20, 2011, the plaintiff was examined at the Physician's Clinic for complaints of rib pain.[41] Plaintiff voiced no complaints regarding not receiving glaucoma medication or that he needed to have his eyes examined.[42]

Plaintiff's medical records showed that on February 18, 2011, the plaintiff underwent an eye examination.[43]

Plaintiff's Medication Charting Sheet dated January 28, 2010, showed that in February 2010, the plaintiff was prescribed Timolol, artificial tears, Brimonidine Tartrate Opth and Latanoprost.[44] Plaintiff was allowed to keep the medications on his person as

---

[38] *Id*. at 336.

[39] *Id*. at 338.

[40] *Id*.

[41] *Id*. at 337.

[42] *Id*.

[43] *Id*. at 380.

[44] *Id*. at 135-136.

designated by the abbreviation "KOP" on the medications log.[45]

Plaintiff's Medication Charting Sheet dated February 25, 2010, showed that in February 2010, the plaintiff was prescribed Timolol, artificial tears, Brimonidine Tartrate Opth and Latanoprost.[46] Plaintiff was allowed to keep the medications on his person as designated by the abbreviation "KOP" on the medications log.[47]

Plaintiff's Medication Charting Sheet dated March 2010, showed that on March 24, 2010, the plaintiff was prescribed Timolol.[48] Plaintiff was allowed to keep the medication on his person.[49]

Plaintiff's Medication Charting Sheet dated March 29, 2010, showed that in April 2010, the plaintiff was prescribed Isopto tears, Brimonidine Tartrate Opth, Latanoprost and Timolol, all of which were designated KOP.[50]

Plaintiff's Medication Charting Sheet dated May 2010, showed that in May 2010, the plaintiff was prescribed artificial tears,

---

[45] *Id.*; record document number 92-4, Exhibit B, Dr. Roundtree affidavit, p. 3, ¶ 8.
Over the relevant period at issue, the plaintiff was also prescribed medications for conditions unrelated to his glaucoma. No further reference is made in this report to these unrelated medications.

[46] Record document number 92-6, Exhibit B, pp. 131-132.

[47] *Id.*; record document number 92-4, Exhibit B, Dr. Roundtree affidavit, p. 3, ¶ 8.

[48] Record document number 92-6, Exhibit B, pp. 133-134.

[49] *Id.*

[50] *Id.* at 129-130.

13

Brimonidine solution, Latanoprost O/S and Timolol, all of which were designated KOP.[51]

Plaintiff's Medication Charting Sheet dated June 2010, showed that in June 2010, the plaintiff was prescribed artificial tears and Timolol, KOP.[52]

Plaintiff's Medication Charting Sheet dated July 2010, showed that in July 2010, the plaintiff was prescribed artificial tears and Timolol, KOP.[53]

Plaintiff's Medication Administration Record dated August 2010, showed that the plaintiff was prescribed Timolol, KOP.[54]

Plaintiff's Medication Administration Record dated September 2010, showed that the plaintiff was prescribed Timolol.[55]

Plaintiff's Medication Administration Record dated October 2010, showed that the plaintiff was prescribed no medication for the treatment of glaucoma.[56]

Plaintiff's Medication Administration Record dated November 2010, showed that the plaintiff was prescribed no medication for

---

[51] *Id.* at 127-128.

[52] *Id.* at 125-126.

[53] *Id.* at 122-124.

[54] *Id.* at 120-121.

[55] *Id.* at 118-119.

[56] *Id.* at 115-117.

the treatment of glaucoma.[57]

Plaintiff's Medication Administration Record dated December 2010, showed that the plaintiff was prescribed no medication for the treatment of glaucoma.[58]

Plaintiff's Medication Administration Record dated January 2011, showed that the plaintiff was prescribed no medication for the treatment of glaucoma.[59]

Plaintiff's Medication Administration Record dated February 2011, showed that the plaintiff was prescribed no medication for the treatment of glaucoma.[60]

## V. CONCLUSION

The summary judgment evidence showed that between the relevant period of November 2010 and February 2011, the plaintiff received no medication or treatment for glaucoma.

There are material factual issues in dispute as to whether the plaintiff faced a substantial risk of serious harm if not provided medical treatment and medication for glaucoma, and whether the defendants knew of that risk and disregarded it by failing to take reasonable steps to abate it.

---

[57] *Id*. at 113-114.

[58] *Id*. at 111-112.

[59] *Id*. at 109-110.

[60] *Id*. at 107-108.

Therefore, summary judgment is inappropriate.

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the plaintiff's Motion for Summary Judgment and his Supplemental Motion for Summary Judgment Against Defendant Burl Cain, record document numbers 97 and 99, respectively, the Motion for Partial Summary Judgment filed by defendants Warden Burl Cain and Asst. Warden Donald Barr, record document number 91, and the Motion for Summary Judgment filed by defendant Dr. Jonathan Roundtree, record document numbers 92, be denied, and that this case be referred back to the magistrate judge for further proceedings.

Baton Rouge, Louisiana, February 21, 2014.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE