UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHN POULLARD (#98999)

VERSUS                                              CIVIL ACTION

ANTHONY MCCOY, ET AL                                NUMBER 12-299-SDD-SCR

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, April 2, 2014.

                                    _____
                                    STEPHEN C. RIEDLINGER
                                    UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHN POULLARD (#98999)

VERSUS                                              CIVIL ACTION

ANTHONY MCCOY, ET AL                                NUMBER 12-299-SDD-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court is the plaintiff's Preliminary Injunction Motion for Injunction and a Federal Consent Decree. Record document number 103. The motion is opposed.[1]

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against LSP Warden Burl Cain, Asst. Warden Donald Barr and Dr. Jonathan Roundtree.[2] Plaintiff alleged that the defendants were deliberately indifferent to his serious medical needs in violation of his constitutional rights. Specifically, the plaintiff alleged that the defendants failed to ensure that he received prescribed medication for glaucoma.

Plaintiff also filed a motion for temporary restraining order and preliminary injunction seeking an order directing prison officials to have him transported to an outside hospital facility to have visual field examination conducted on his eyes.

---

[1] Record document number 105.

[2] Plaintiff's claims against Anthony McCoy, Kisha McMillian and Christine Washington were previously dismissed.

A preliminary injunction is an extraordinary equitable remedy that may be granted only if the plaintiff establishes four elements: (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) that the injunction will not disserve the public interest. *Hoover v. Morales*, 164 F.3d 221 (5th Cir. 1998). Additionally, in accordance with the Prison Litigation Reform Act ("PLRA"), preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the federal right, and be the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a).

It is unlikely that the plaintiff will prevail on his claims against the defendants. Any harm which may come to the plaintiff is likely to be minor rather than irreparable and it can be compensated for monetarily should the plaintiff prevail in this action.

Finally, the public interest in the issuance or denial of a preliminary injunction is minimal or non-existent in this case.

Plaintiff has not shown the exceptional circumstances needed for issuance of a preliminary injunction.

Plaintiff requested the issuance of a federal consent decree.

A consent decree is like a settlement agreement, contractual in nature. *Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367,

378, 112 S.Ct. 748 (1992).  "[I]t is an agreement the parties desire and expect will be reflected in, and be enforceable as, a judicial decree that is subject to the rules generally applicable to other judgments and decrees."  *Id*.

There is no evidence that the parties have agreed to entry of a consent decree.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's Preliminary Injunction Motion for Injunction and a Federal Consent Decree be denied.

Baton Rouge, Louisiana, April 2, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE