UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHN POULLARD (#98999)

VERSUS                                        CIVIL ACTION

ANTHONY MCCOY, ET AL                          NUMBER 12-299-SDD-SCR

**RULING ON MOTION TO STRIKE AND MOTION IN LIMINE**

Before the court is the plaintiff's Motion to Strike and Motion in Limine.  Record document number 131.[1]

Plaintiff moved to strike the defendants' qualified immunity defense on the ground that is was asserted by the defendants in summary judgment motions,[2] the court denied the motions as to the qualified immunity defense,[3] and the defendants did not appeal the denial.

The court found that because there were material fact in dispute, the issue of whether the defendants have qualified immunity could not be resolved on summary judgment.  The court did not find that the defendants do not have qualified immunity. Because the denial of the defendants' summary judgment motions as to their qualified immunity defense was based on finding that there

---

[1] Plaintiff filed a Supplement to Plaintiff['s] Motion to Strike and Motion in Limine.  Record document number 133.

[2] Record document numbers 91 and 92.

[3] Record document number 109, Magistrate Judge's Report; record document number 115, Ruling.

are disputed issues of material facts, an immediate appeal of the ruling would have been dismissed.[4]

Insofar as the plaintiff objected to the defendants offering medical records that do not related to his treatment for glaucoma, the better course is for the plaintiff to object to the introduction of such records if the defendants actually offer them in evidence at the trial. At that point the district judge will be in a best position to assess whether any particular medical record is or is not relevant to any issue remaining in the case.

Accordingly, the plaintiff's Motion to Strike and Motion in Limine is denied, without prejudice to the plaintiff objecting to the introduction of medical records at the trial.

Baton Rouge, Louisiana, June 13, 2014.

*signature*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[4] See *Pasco ex rel. Pasco v. Knoblauch*, 566 F.3d 572 (5th Cir. 2009) (denial of qualified immunity on summary judgment is immediately appealable under the collateral order doctrine if based on an issue of law; if district court found that genuine factual disputes exist, plaintiff's version of the facts is accepted as true to the extent supported by the summary judgment record); *Whittington v. Maxwell*, 455 Fed.Appx. 450 (5th Cir. 2011) (on interlocutory appeal appellate court lack the power to review district court's decision that a genuine factual dispute exists; public official must be prepared to concede best view of the facts to plaintiff and discuss only legal issues raised by appeal).