UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**JOHN POULLARD (DOC No. 98999)**

**VERSUS**

**ANTHONY McCOY, ET AL.**

**CIVIL ACTION**

**NO. 12-299-JWD-SCR**

<u>RULING ON PLAINTIFF JOHN POULLARD'S
MOTIONS FOR POST-TRIAL RELIEF</u>

Plaintiff John Poullard brings multiple motions/ memoranda seeking post-trial relief (Docs. 249, 250, 253, 257, 259 261, 267, 271, 274, 275, and 276)[1] following a two day jury trial in which the jury found in favor of defendants Burl Cain, Donald Barr and Dr. Jonathan Roundtree ("Defendants") and against Plaintiff Poullard. These motions are opposed. (Docs. 258 and 265). The Court has carefully reviewed these motions and memoranda as well as the trial record in this case and, for the reasons which follow, Plaintiff's motions are denied.

**I.     PROCEDURAL HISTORY**

John Poullard is an inmate at the Louisiana State Penitentiary at Angola, Louisiana. Plaintiff filed suit alleging that his Eighth Amendment right against cruel and unusual punishment was violated because defendants knowingly refused to provide care for Plaintiff's eye condition. Trial was held on August 31 and September 1, 2015, at the end of which the jury answered jury interrogatory number one as follows:

<u>INTERROGATORY NO. 1</u>

Do you find that Plaintiff, John Poullard, has proven by a preponderance of the evidence that, between November 2010 and February 2011, that any of the Defendants: Burl Cain, Donald Barr, or Jonathan Roundtree, violated the

---

[1] In addition to these filings, Plaintiff Poullard filed a Motion to Appoint F.B.I. Agent for Criminal Civil Right Conspiracy Violation (Doc. 263), in which the Plaintiff asked the Court to appoint an FBI agent to investigate the "fraud" of the Defendants and their witnesses.  The Court denied this motion on October 9, 2015. (Doc. 64.)

Case 3:12-cv-00299-JWD-SCR   Document 278   02/01/16   Page 2 of 8

Plaintiff's Eighth Amendment rights to be free of cruel and unusual punishment by displaying deliberate indifference to the substantial risk of serious harm faced by the Plaintiff, thereby harming him?

A) Burl Cain            YES _____     NO ____X____

B) Donald Barr          YES _____     NO ____X____

C) Jonathan Roundtree   YES _____     NO ____X____

Plaintiff has filed multiple post-trial motions and memoranda seeking to overturn the jury verdict. These include a Motion for New Trial (Doc. 249), Supplement to Plaintiff's Motion for New Trial (Doc. 253), and Motion to Vacate Judgment, Jury Verdict Obtain (sic) Through Fraud. (Doc. 250.) Most recently, Plaintiff filed an "Emergency Judicial Notice to US District Court Judge John deGravelles (Doc. 271), a "Motion for Subpoena Induces (sic) Tecum on Motion for New Trial Base (sic) on New Discover (sic) Evidence" (Doc. 274), and a reply memorandum (Doc. 275). Defendants oppose these motions. (Docs. 257, 265, and 273.)

II. ARGUMENTS OF THE PARTIES

Plaintiff's arguments in these various motions are similar and overlap. Plaintiff's main argument is that the testimony of the medical doctors at trial is contradicted by the medical records, previous statements and pleadings. Plaintiff contends that this false and fraudulent testimony confused and misled the jury and therefore, its verdict must be overturned. Plaintiff argues that the weight of the evidence at trial was in his favor and the jury erred in its conclusion to the contrary. In addition, Plaintiff argues that the trial court committed prejudicial error by allowing the jury access to Plaintiff's mental health records during deliberations, failed to give Plaintiff's proposed jury charges, and made errors in ruling on evidence.

Defendants, on the other hand, deny any false or fraudulent testimony and contend that the jury weighed conflicting evidence and correctly concluded that the weight of the evidence

was in their favor. Defendants urge that there were no legal or evidentiary errors committed during the trial that would warrant overturning the jury's verdict.

## III.   THE LEGAL STANDARD

In ruling on a motion for new trial, this Court must uphold the jury's verdict unless the evidence, viewed in the light most favorable to Defendants, required a reasonable jury to find in plaintiff's favor. *Boeing Co. v. Shipman*, 411 F.2d 365, 368-70 (5th Cir. 1969 (en banc); *Crest Ridge Const. Group, Inc. v. Newcourt, Inc.* 78 F.3d 146, 150 (5th Cir. 1996). "[T]he jury's verdict should not be set aside if it is supportable by any fair interpretation of the evidence. The burden of proving the error or injustice lies solely with the party asserting it." *Baxter v. Crown Petroleum Partners 90-A*, 2000 U.S. Dist. Lexis 3080 (N.D. Tex. 2000) (C.J. Solis).

## IV.   ANALYSIS

### A.  Evidence at Trial

Here, as Plaintiff correctly argues, there was conflicting evidence on the question of Plaintiff's exact medical condition and the proper treatment for same. However, the jury had a fair opportunity to hear and evaluate the live witness testimony. The jury had an opportunity to view the medical records which Plaintiff claims contradict the in-court testimony of the two physicians, Drs. Glenn Coullard and Gerald Gerdes. The jury had an opportunity to listen to and evaluate that testimony under the scrutiny of a vigorous cross-examination by Plaintiff, making the same points on his cross-examination that he now makes in his post-trial motions. The witnesses explained the alleged contradictions between their testimony and the records. There is no evidence of fraud, false testimony or improper conduct on the part of defense counsel, as suggested by Plaintiff. It is decidedly the opinion of this Court that the verdict of the jury is supportable by a fair interpretation of the evidence presented.

Plaintiff argues that the Court erred in instructing the jury that a part of Plaintiff's burden was to prove injury and that the alleged delay in treatment caused by defendant's conduct was a cause of that injury. (Doc. 249, pp. 9-10). The charge in question was taken verbatim from the Fifth Circuit's Committee on Pattern Jury Instructions (civil cases), Prepared by the Committee on Pattern Jury Instructions, District Judges Association, Fifth Circuit (2014), p. v. The Court finds that the jury was appropriately instructed on the applicable law.

Plaintiff claims that the Court erred in failing to instruct the jury "that plaintiff was entitle (sic) to all claims that derive after he filed the Grievance against the Defendants." (Doc. 249, pp. 13-14.) The Court has reviewed its charge to the jury and concludes that the jury was properly instructed as to the Plaintiff's claims. The Court notes that Plaintiff did not raise this issue at trial, and in fact, approved on multiple occasions that portion of the jury charge describing Plaintiff's claims. (See Trial Tr., 9/1/15, pp. 6, 8-10, 166; Status Conference Tr., 8/31/15 (Doc. 277), pp. 16-20.) The Court also rejects Plaintiff's claim that the Court erred in failing to give Plaintiff's proposed jury charges. (Doc. 248, pp. 13-14.) The Court has reviewed the charges proposed as well as the charges given and concludes that there was no error.

Plaintiff argues that the Court erred in allowing the jury access to Plaintiff's mental health records and that defense counsel reached an agreement not to mention his mental health records or mental condition during the trial. (Doc. 258, pp. 11-12; Doc 267, pp. 1-2). The Court finds that Plaintiff is mistaken in this argument in that Plaintiff's medical records were introduced as a joint exhibit without objection from Plaintiff. (See Status Conference Tr., 8/31/15, pp. 2-4, 8-10; Trial Tr., 8/31/15, p. 3). Furthermore, defense counsel did not mention or

argue Plaintiff's mental health records or mental condition during the trial. Plaintiff's argument is therefore without merit and is rejected.[2]

### B. Newly Discovered Evidence

Plaintiff submits several post-trial motions and/or briefs that essentially assert that there is newly discovered evidence supporting the extent of his injuries. In short, the Court finds that this evidence does not justify a new trial.

### 1. Parties Arguments'

On November 10, 2015, Plaintiff filed an Emergency Judicial Notice to US District Court Judge John DeGravelles (Doc.271) in which he contends that he was transported to the Louisiana Eye Surgery Clinic in New Orleans, apparently on November 4, 2015, and was told at that time that he had optic nerve damage in both eyes and primary open angle glaucoma in both eyes. No doctor's report or affidavit is attached.

On December 15, 2015, Plaintiff also submitted a "Subpoena Induces [sic] Tecum on Motion for New Trial Base [sic] on New Discover [sic] Evidence" (Doc. 274) asking the Court "to order the Defendants to produce a complete copy of Plaintiff [sic] New Orleans La, Hospital Eye Clinic Medical Records for 11-4-2015, and the Full Address to the Hospital, Names of Eye Doctors who saw Plaintiff on 11-4-2015."

The Defendants argue this evidence is irrelevant. Defendants contend that the information and records related to the November 2015 exam do not constitute "newly discovered evidence" as defined by the Fifth Circuit because the evidence was not in existence at the time of trial.

---

[2] As Defendants correctly point out (Doc. 258, pp. 8-9), the only mention of Plaintiff's mental condition during the trial came from Plaintiff himself when he asked the jury to consider the mental impact of fear of blindness. (Trial Tr., 9/1/15, p. 115.)

In response, Plaintiff claims that some of the evidence relates to a June 2015 visit to the doctor, which would have been before the trial. Plaintiff claims he only learned of these medical records in his November 2015 exam, which was a follow up to the June 2015 appointment. Plaintiff submits a declaration that he did not have any knowledge at the time of trial that the May or June 2015 medical records diagnosed him with glaucoma in both eyes.

Finally, Plaintiff has submitted a "Supplement to Plaintiff Motion for New Trial Base on New Discover Evidence" (sic). Plaintiff argues that, two days after the trial in this matter in another case involving the Plaintiff, a doctor named Paul Toce signed an affidavit which said, "Plaintiff is a 50 year old man with a medical history significant for difficult to control hypertention, … glaucoma, …" (Doc. 276-1.) Plaintiff asserts that this contradicts testimony from this trial indicating that Mr. Poullard did not have glaucoma.

## 2. Discussion

The Court first notes that a motion for new trial must be filed no later than 28 days after the entry of judgment. Fed. R. Civ. P. 59(b). Judgment was entered on September 2, 2015, making the deadline for a new trial September 30, 2015. Here, the first brief concerning the newly discovered evidence was filed by the Plaintiff on November 10, 2015. Thus, these motions were untimely. On the ground alone, Plaintiffs' motions should be denied.

But even if this Court were to consider the merits of Plaintiffs' motions, they would be denied. This Court has explained the standard for granting a new trial on the basis of newly discovered evidence as thus:

> A motion for relief from a judgment on the grounds of newly discovered evidence is addressed to sound discretion of district court. To warrant a new trial on the grounds of newly discovered evidence, the movant must show that the evidence existed at the time of the trial, was discovered following the trial, that movant used due diligence to discover the evidence at the time of the trial, that the evidence is not merely cumulative nor impeaching, that it is material, and that a

>new trial in which the evidence was introduced would probably produce a different result. New evidence that would merely affect the weight and credibility of trial evidence may be considered cumulative and thus insufficient to warrant a new trial. The burden is on the moving party to demonstrate that the new evidence clearly weighs in favor of a new trial.

*Simoneaux v. E.I. du Pont de Nemours & Co.*, No. CIV.A. 12-219-SDD, 2015 WL 3905069, at *1 (M.D. La. June 25, 2015*) reconsideration denied sub nom. United States v. E.I. du Pont de Nemours & Co.*, No. CV 12-219, 2015 WL 6692249 (M.D. La. Nov. 3, 2015) (citations, quotations, and alterations omitted).

Here, the Court declines to exercise its discretion to grant a new trial on the grounds of newly discovered evidence. First, the Toce affidavit is easily dispensed with. It is inadmissible hearsay and cumulative to Plaintiff's other evidence on his medical condition. Further, it was executed two days after the trial, so it was not in existence at the time of trial.

Second, the November 2015 medical records were also not in existence at the time of trial, nor was any information from those doctors. This evidence also does not warrant a new trial.

Third, and last, the Court considers Plaintiff's claim that, on November 4, 2015, doctors told him that medical records from June 2015 from other doctors show he had a damaged optic nerve and primary open angle glaucoma. In short, even assuming this evidence demonstrates what the Plaintiff claims,[3] such evidence would be cumulative and would not have probably have not resulted in a different verdict. As explained above, the record already contains evidence of the Plaintiff having open angle glaucoma, and this information merely would have gone to the weight; the jury simply decided to believe Defendants' evidence that the Plaintiff did not have glaucoma. There was also evidence about the appearance of the optic nerve and the need to

---

[3] This assumption eliminates the need for Plaintiff's motion for subpoena duces tecum, which is also denied. (Doc. 274.)

monitor it to ensure glaucoma does not develop. (Trial Tr. 8/31/2015, p. 38-39, 43, 53, 71). Again, the jury simply believed the Defendants' evidence that, in the medical records, there has been no change in Plaintiff's optic nerve. (Trial Tr. 8/31/2015, p. 45, 54, 73).[4]

In sum, the Court declines to exercise its discretion to grant a new trial on the basis of newly discovered evidence. Much of the evidence was not in existence at the time of trial, and the rest is cumulative and would not produce a different verdict. The Plaintiff has the burden to demonstrate that the new evidence clearly weighs in favor of a new trial. He has failed to satisfy that burden. Plaintiff's motion is denied.

V.     CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's Motion for New Trial (Doc. 249), Motion to Vacate Judgment (Doc. 250), and, to the extent that it constitutes a separate motion, Plaintiff's Supplement to Plaintiff's Motion for New Trial (Doc.271) and Motion for Subpoena Induces Tecum on Motion for New Trial Base on New Discover Evidence (274).

Signed in Baton Rouge, Louisiana, on February 1, 2016.

_____
**JUDGE JOHN W. deGRAVELLES
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[4] The Court also notes that it is highly skeptical of Plaintiff's declaration that he first learned of the information in the June 2015 medical records after the trial in November 2015. It simply defies believability that his doctors would record that he had glaucoma and optic nerve damage but not find it relevant to tell him. The Court finds that this likely shows a lack of due diligence on his part, though the Court will not base its ruling on this ground.